**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**NOVARTIS AG, et al.**                                                                               **PLAINTIFFS**

**v.**                           **Case No.  4:15-cv-00095 KGB**

**EZRA VENTURES, LLC**                                                                               **DEFENDANT**

## INITIAL SCHEDULING ORDER

Pursuant to the initial appearance entered by defendant in this case the following deadlines and proposals are in effect:

1.   **RULE 26(f) CONFERENCE DEADLINE:**        June 8, 2015

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

2.   **RULE 26(f) REPORT DUE DATE:**        June 22, 2015

Consult Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1 for information to be included in the Rule 26(f) Report.  A joint report should be filed with the Clerk of the Court.

3.   **PROPOSED TRIAL DATE:**        **April 25, 2016**
                                                                        Courtroom 4C
                                                                        500 West Capital
                                                                        Little Rock, Arkansas 72201

The case will be scheduled for a **BENCH** trial before United States District Judge Kristine G. Baker commencing at 9:00 a.m. sometime during the week as set forth above in Little Rock.

4.   **RULE 16(b) CONFERENCE:**        (**Scheduled if needed**)

A telephone conference will be scheduled within one week of the filing of the Rule 26(f) Report, if the parties request a conference or if the Court determines a conference is necessary, to resolve any conflicts among the parties with the proposed deadlines, proposed trial date, and other matters addressed in the Rule 26(f) Report.  Attached is a proposed final scheduling order with proposed deadlines for the parties' consideration during the Rule 26(f) conference.  Unless the parties object, the proposed scheduling order will become the Court's Final Scheduling Order and will be issued without a conference.

It will be the responsibility of the plaintiff to serve a copy of the Initial Scheduling Order on any defendant who makes an appearance after the Initial Scheduling Order has been filed. It will be the responsibility of the party filing a new claim after the date of the Initial Scheduling Order to serve immediately a copy of the Initial Scheduling Order on any new defendant(s).

**Dated:  April 10, 2015**

          **AT THE DIRECTION OF THE COURT**
          **JAMES W. McCORMACK, CLERK**


          By:  /s/ Tracy M. Washington
               Courtroom Deputy

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**NOVARTIS AG, et al.**                                                                                          **PLAINTIFFS**

**v.**                                       **Case No.  4:15-cv-00095 KGB**

**EZRA VENTURES, LLC**                                                                                        **DEFENDANT**

**PROPOSED FINAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1. TRIAL DATE**

This case is scheduled for a **BENCH** trial before United States District Judge Kristine G. Baker commencing at 9:00 a.m. sometime during the week of **April 25, 2016** in Richard Sheppard Arnold United States Courthouse, Courtroom 4C, 500 West Capital, Little Rock, Arkansas 72201.

Any trial conflicts indicated by the parties in their Rule 26(f) Report will be addressed closer to this trial date, if the conflict has not been resolved.

**2. ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **November 2, 2015**.

**3. DISCOVERY**

Discovery should be completed no later than **February 10, 2016**.  The parties may conduct discovery beyond this date, if all parties are in agreement to do so.  The Court, however, will not resolve any disputes in the course of this extended discovery.  All discovery requests and motions must be filed sufficiently in advance of the discovery deadline set forth in this Order to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute, in compliance with Local Rule 7.2.  When a discovery motion is filed, a response should be filed promptly.  A conference call will be scheduled to resolve such matters, if the Court deems it necessary.

**4. EXPERT DISCLOSURES AND REPORTS**

Case-in-chief expert disclosures, including reports, must be made by **November 27, 2015**.

Rebuttal expert disclosures, including reports, must be made by **December 28, 2015**.

These disclosures must be in writing, signed, and served.  They are not filed in the Clerk's Office.

**5.  STATUS REPORT**

A status report must be filed with the Clerk's office on or before **February 25, 2016**.  The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

**6.  MOTION DEADLINE**

All motions, except motions *in limine*, must be filed on or before **February 25, 2016**.  Motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7.2 and 56.1.  Motions *in limine* must be filed on or before **April 11, 2016**, and responses must be filed seven (7) days thereafter.  Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) requires that, within fourteen (14) days from the date copies of a motion and supporting papers have been served, any party opposing a motion serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities.  Any reply to a response to a motion must be filed within seven (7) days of service of the response.  The Court may or may not wait on the filing of a reply before ruling on the motion.

**7.  SETTLEMENT CONFERENCE REQUEST**

All requests for a settlement conference must be made on or before **March 11, 2016**.

**8.  PRETRIAL DISCLOSURE SHEET**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **April 4, 2016**.  That witnesses and exhibits must be listed on the pretrial disclosure sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to the discovery requests.

Objections to opposing parties' pretrial disclosure sheets will be due on **April 11, 2016**.

**9.  TRIAL BRIEFS**

All trial briefs must be filed no later than **April 4, 2016**.  Responding trial briefs must be filed no later than **April 11, 2016**.

## 10. DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **April 4, 2016**. Counter-designations must be made by **April 11, 2016**. These designations need not be filed with the Court but should be exchanged by the parties.

Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **April 15, 2016**, with the response due **April 20, 2016**. Depositions to be read at trial must be marked as exhibits.

## 11. JURY INSTRUCTIONS AND STATEMENT OF CASE OR PROPOSED FINDINGS AND CONCLUSIONS

For jury trials, the parties must confer regarding the proposed instructions and a verdict form in an attempt to narrow areas of disagreement. The parties must submit an agreed set of instructions on specific issues in the case to the Court on or before **April 18, 2016**. Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice Instructions (5th Edition), as applicable, should be used whenever possible, and the source of authority for the instruction should be noted at the end of each instruction.

A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and opposing counsel, setting out the disagreement. Note the source of authority on the bottom of each proposed instruction. Instructions must be electronically submitted in Word or WordPerfect format to kgbchambers@ared.uscourts.gov.

Each party must submit to the Court on or before **April 18, 2016** a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire and also any proposed voir dire questions it wishes the Court to pose to the panel.

For bench trials, each party must submit to the Court on or before **April 18, 2016** proposed findings and conclusions.

## 12. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy on or before **April 18, 2016.**

## 13. INTRODUCTION OF EXHIBITS

Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. Each party will provide to the Court three (3) copies of all exhibits, and each exhibit will be numbered for identification purposes. All exhibits must be listed in numerical sequence on the form available through the Court's website (See Court Forms - Civil Forms AO-187 Exhibit and Witness List). The lists must be submitted to the Courtroom Deputy thirty (30) minutes before

the beginning of trial, with notations made on the Court's copy of the list noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

If you anticipate using electronic equipment during trial, you must notify the Courtroom Deputy prior to your trial date. If you wish to bring electronic devices to the courthouse for any proceeding, please note Amended General Order No. 54.

**14. CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Court Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Tracy Washington at 501-604-5424 to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise Ms. Washington immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated: April 10, 2015

                                          **AT THE DIRECTION OF THE COURT**
                                          **JAMES W. McCORMACK, CLERK**

                                        By: /s/ Tracy M. Washington
                                            Courtroom Deputy