## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD.** | **Case No. 15-CV-00150-LPS** |
| Plaintiffs, | **Chief Judge Leonard P. Stark** |
| vs. | |
| **EZRA VENTURES, LLC** | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF EZRA VENTURES LLC's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Dated: April 2, 2015

StamatiosStamoulis #4606
Richard C. Weinblatt #5080
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Of Counsel:

Shashank Upadhye
Joseph E. Cwik
Jonathan J. Krit
AMIN TALATI & UPADHYE
55 W. Monroe St., Suite 3400
Chicago, IL 60603
Telephone: (312) 327-3368
ezra-fingolimod@amintalati.com

*Counsel for Defendant,*
*Ezra Ventures, LLC*



EXHIBIT
3

## Table of Contents

I.    INTRODUCTION .................................................................................................. 1

II.   LEGAL STANDARD .......................................................................................... 1

III.    ARGUMENT ...................................................................................................... 2

   A.   Delaware's Long-Arm Statute Does Not Ensnare Ezra ......................................... 2

      1.   There Is No Specific Jurisdiction over Ezra......................................................... 4

      2.   Exercising General Jurisdiction Over Defendant is Improper ............................ 6

   B.   Due Process Forbids Exercising Jurisdiction Here................................................. 7

   C.   If this Court Finds that It has Personal Jurisdiction over Ezra, Nonetheless this
Case should be Transferred to the Eastern District of Arkansasfor Fairness and
Convenience Purposes. ........................................................................................... 13

      1.   The Private Interest Factors Weigh in Favor of Transfer................................... 14

      2.   Public Interest Factors Weigh In Favor of Transfer.......................................... 17

IV.  CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. Roxane Laboratories,*
  2013 U.S. Dist. LEXIS 74316, at *44 (D. Del. 2013) .......................................... 2, 3, 18

*Acorda Therapeutics, Inc.v. Mylan Pharms. Inc.,*
  2015 U.S. Dist. LEXIS 4056, at *51-59 (D. Del. 2015)............................... 15

*Affymetrix, Inc. v. Synteni, Inc.*
  28 F. Supp. 2d 192 (D. Del. 1998)............................................................ 18

*Apeldyn Corp. v. Sony Corp.,*
  852 F. Supp. 2d 568 (D. Del. 2012).......................................................... 12

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
  772 F. Supp. 1458 (D. Del.  1991)............................................................. 7

*Avocent Huntsville Corp. v. Aten Int'l Co.,*
  552 F.3d 1324 (Fed. Cir. 2008)........................................................... 12, 13

*Bristol-Myers Squibb Co. v. Andrx Pharms, LLC,*
  2003 WL 22888804, at *3 (S.D.N.Y.  2003) .................................................. 19

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985).................................................................................. 10

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.,*
  395 F.3d 1315 (Fed. Cir. 2005)................................................................... 7

*Daimler AG v. Bauman,*
  134 S. Ct. 746 (2014).......................................................................... 10, 11

*Forest Labs. Inc. v. Cobalt Labs. Inc.,*
  2009 WL 605745, at *11 (D. Del. 2009) ................................................. 5, 13

*Freres v. SPI Pharma, Inc.,*
  629 F. Supp. 2d 374(D. Del. 2009) ............................................................ 6

*Glaxo, Inc. v. Novopharm, Ltd.,*
  110 F.3d 1562 (Fed. Cir. 1997)................................................................. 18

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  131 S. Ct. 2846, 2851 (2011) ................................................................... 10

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
  466 U.S. 408, 414, (1984)........................................................................ 10

*Int'l Shoe Co. v. State of Wash., Off. of Unempl. Comp. & Placement,*
  326 U.S. 310, 316 (1945)............................................................................ 9

*Joao Control & Monitoring Sys., LLC v. Ford Motor Co.,*
  2013 U.S. Dist. LEXIS 118299, at *6 (D. Del. 2013) ................................ 21

*Jumara v. State Farm Ins. Co.,*
  55 F.3d 873 (3d Cir. 1995)........................................................... 16, 17, 23

*L.G. Philips LCS Co. v. Chi Mei Optoelectronics, Corp.,*
  551 F. Supp. 2d 333 (D. Del. 2008)............................................................ 8

*Liqui-Box Corp.  v. Scholle Corp.,*
  2013 U.S. Dist. LEXIS 84532, at *2 (D. Del. 2013) ..................................... 2

*M2M Solutions, LLC v Simcom Wireless Solutions Co.,*
  935 F. Supp. 2d 740 (D. Del. 2013).......................................................... 2, 7

*Novartis v. Ezra Ventures,*
  E.D. AR., No. 4:15-cv-95-KGB ................................................................... 1

*Pfizer Inc.* v. *Apotex, Inc.*,
  2009 WL 2843288, at *3 n. 5 (D. Del. 2009) .............................................................. 19
*Pfizer Inc. v. Sandoz Inc.*,
  2010 WL 256548, at *5 (D. Del. 2010) ...................................................................... 19
*Pfizer Inc. v. Synthon Holding, B.V.*,
  386 F. Supp. 2d 666 (M.D.N.C. 2005) ........................................................................ 19
*Round Rock Research LLC v. Asustek Computer, Inc.*,
  967 F. Supp. 2d 969 (D. Del.  2013)............................................................................ 5
*Sears, Roebuck & Co. v. Sears plc*,
  744 F. Supp. 1289 (D. Del. 1990).......................................................................... 13, 14

## Statutes
10 Del. C. §3104(c),............................................................................................................ 3
28 U.S.C. § 1404(a) ......................................................................................................... 16
28 U.S.C. §1404(a) ............................................................................................................. 1
35 U.S.C. § 271(e)(2)(a) .................................................................................................... 7

Ezra Ventures, LLC ("Ezra" or "Defendant") respectfully moves this Court for an Order

dismissing Novartis AG, Novartis Pharmaceuticals Corp., Mitsubishi Tanabe Pharma Corp., and

Mitsui Sugar Co., LTDs' (collectively "Plaintiffs") Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, entry of an order

transferring the matter to the E.D. of Arkansas, pursuant to 28 U.S.C. §1404(a).  In support of

this motion, Ezra states as follows:

## I.     INTRODUCTION

On February 11, 2015, Plaintiffs sued Ezra alleging that Ezra's Abbreviated New Drug

Application ("ANDA") filed with the FDA relating to fingolimod capsules, infringes on

Plaintiffs' patent, U.S. Patent No. 5,604,229. D.I. 1 at ¶1. On February 13, 2015, Plaintiff filed

an identical suit in the E.D. of Arkansas. *Novartis v. Ezra Ventures*, E.D. AR., No. 4:15-cv-95-

KGB.  Without being served with the complaint, on March 19, 2015, Ezra answered the

Arkansas complaint.  Ezra is an Arkansas LLC with its only place of business in Little Rock,

Arkansas.  Declaration of Michael Geranen, Ex. A at ¶2.  Ezra has not undertaken any

jurisdictional-conferring acts that fall within Delaware's long-arm statute reach and to establish

the minimum contacts necessary to satisfy the Due Process Clause.  Moreover, because Plaintiffs

filed an identical suit in Arkansas, this case should be transferred to Arkansas for convenience,

efficiency and consolidation purposes.  Plaintiffs' Complaint should be dismissed for lack of

personal jurisdiction, or in the alternative, the case should be transferred to the court in Arkansas.

## II.    LEGAL STANDARD

Rule 12(b)(2) directs the court to dismiss a case if there is no personal jurisdiction over

Ezra. *Liqui-Box Corp.* v. *Scholle Corp.*, 2013 U.S. Dist. LEXIS 84532, at *2 (D. Del. 2013).

Exercising personal jurisdiction is a two-part test. *Id.* First the court applies the Delaware long-

arm statute. *Id.* Next, the court determines whether the exercise of jurisdiction over Ezra in

Delaware comports with the Due Process Clause. *Id.*[1] These constitutional requirements are

satisfied when the court finds the existence of "minimum contacts" between Ezra and Delaware,

"such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Id.* The Plaintiffs bear the burden of alleging facts sufficient to make a *prima*

*facie* showing of personal jurisdiction over Ezra by offering facts which "establish with

reasonable particularity" that jurisdiction exists over Ezra.

In the case of venue transfer motion, Delaware follows Federal Circuit law, which uses

the "first-filed" rule in patent cases. *Abbott Laboratories v. Roxane Laboratories*, 2013 U.S.

Dist. LEXIS 74316, at \*44, \*46 (D. Del. 2013).  The rule serves to prevent multiple actions and

achieve resolution in a single lawsuit of all disputes arising from common matters. *Id.*

Exceptions to the rule are not rare and are made when "justice or expediency requires, but there

must be 'sound reason that would make it unjust or inefficient to continue the first-filed.'" *Id.*

These include the convenience and availability of witnesses, the absence of jurisdiction over all

necessary or desirable parties, or the possibility of consolidation with related litigation.  *Id.* at

\*47.  For transfer motions, the court engages in a two-step inquiry, first it examines if the action

initially could have been brought in the proposed transferee forum and then asks whether the

transfer would best serve the interests of convenience and justice.  *Id.*

## III.    ARGUMENT

### A.    Delaware's Long-Arm Statute Does Not Ensnare Ezra

---

[1] The Delaware long-arm statue extends to the full extent of the due process clause. *M2M Solutions, LLC v Simcom Wireless Solutions Co.,* 935 F. Supp. 2d 740, 743 (D. Del. 2013) Delaware law requires that the statutory and constitutional steps be analyzed separately. *Id.*

Plaintiffs failed to allege facts necessary to establish that Ezra is subject to Delaware's

long-arm statute, 10 Del. C. §3104(c),that provides as follows:

> (c)  As to a cause of action brought by any person arising from any of the act
> enumerated in this section, a court may exercise personal jurisdiction over any
> nonresident, or a personal representative, who in person or through an agent:
> (1)  Transacts any business or performs any character of work or service in the
> State;
> (2)  Contracts to supply services or things in this State;
> (3)  Causes tortious injury in the State by an act or omission in this State;
> (4)  Causes injury in the State or outside of the State by an act or omission outside
> the State if the person regularly does or solicits business, engages in any other
> persistent court of conduct in the State or derives substantial revenue from
> services, or things used or consumed in the State;
> (5)  Has an interest in, uses or possesses real property in the State; or
> (6)  Contracts to insure or act as surety for, or on, any person, property, risk,
> contract, obligation or agreement located, executed or to be performed within the
> State at the time the contract is made, unless the parties otherwise provide in
> writing.

Plaintiffs allege, in relevant part, only the following in its complaint with respect to this

Court's jurisdiction over Ezra:

1) Defendant is an Arkansas corporation with its principal place of business in

Little Rock, Arkansas, 72205.  D.I. 1 at ¶7;

2) Following any FDA approval of ANDA No. 20-7945, Ezra will make, use,

offer to sell, and/or sell the generic drug products that are subject of ANDA No.

20-7945 throughout the United States, and/or import such generic drug products

into the United States, including in this judicial district." D.I. 1 at ¶8;

3) Ezra has committed, or aided, abetted, contributed to, or participated in the

commission of a tortious act of patent infringement in filing ANDA No. 20-7945

that has led to foreseeable harm and injury to NPC, a Delaware Corporation." D.I.

1 at ¶11;

3

4) The filing of ANDA No. 20-7945 and sending notice of a paragraph IV

certification were purposefully directed to the State of Delaware, where Plaintiff

NPC is organized resulting in injury in Delaware." D.I. 1 at ¶12;

5) This suit arises from Ezra's ANDA filing, which is a prerequisite to obtaining

FDA approval, which in turn is necessary in order for Ezra to sell its ANDA

product in Delaware." D.I. 1 at ¶13; and

6) At the time Ezra sent notice of a paragraph IV certification, it was reasonably

foreseeable that Ezra would be sued within 45 days in this District, where NPC is

organized and where related ANDA litigation had already been filed." D.I. 1 at

¶14.

### 1.    There Is No Specific Jurisdiction over Ezra

Plaintiffs' allegations are not enough to establish specific jurisdiction over Ezra.

Subsections §§ 3104(c)(1-3) and (5-6) of the statute provide for specific jurisdiction, which

requires a nexus between the cause of action and Ezra's actions in Delaware. *Round Rock*

*Research LLC* v. *Asustek Computer, Inc.*, 967 F. Supp. 2d 969, 974 (D. Del. 2013). Plaintiffs

admit that this suit only arises from Ezra's artificial act of infringement.

No specific jurisdiction exists under Subsections (c)(1-3) and (5-6) because Ezra has no

contacts with Delaware.  Ezra does not transact any business in Delaware and Plaintiffs fail to

plead as such.  Ezra does not have any ANDA's approved and does not market any products

anywhere in the U.S., much less in Delaware. Geranen Dec. Ex. A at ¶7.  Plaintiffs make a bare-

bones formulaic and speculative assertion that Ezra, upon FDA approval, "*will* make, use, offer

to sell, and/or sell" the product in Delaware. D.I. 1 at ¶8 (*emphasis added*).  Such bare formulaic

accusation[s] are insufficient to establish personal jurisdiction. *Forest Labs Inc. v. Cobalt Labs,*

*Inc.*, 2009 WL 605745, at *11 (D. Del. 2009) report and recommendation adopted, 2009 WL

2753427 (D. Del. 2009)("Because Defendants' generic [memantine] product has not been

introduced into Delaware—and, indeed, cannot be, unless and until Defendants receive FDA

approval—the requirements for dual jurisdiction are not satisfied. Defendants' undisputed "intent

... to serve the Delaware market" is simply not sufficient."); *M2M Solutions,* 935 F. Supp. 2d at

744 (finding that the products actually had to be offered or sold in Delaware to confer personal

jurisdiction over an out-of-state defendant).  Notwithstanding, Ezra does not currently, and never

has, offered its ANDA-subject products for sale in Delaware, or anywhere for that matter,

because Ezra awaits ANDA approval and has not even produced the commercial product.  Ex. A

at ¶13. Accordingly, Ezra does not contract to supply services or things in Delaware and has not

contracted with any entities to provide or distribute its product to be subject to Subsection (c)(2)

of the Delaware long-arm statute. Ex. A at ¶¶13, 14.

     Moreover, despite Plaintiff's allegations to the contrary, Ezra has not committed a

tortious act in Delaware by submitting its ANDA with the FDA to subject it to jurisdiction under

Subsection (c)(3). Ex. A at ¶8. Under Subsection (c)(3), Defendants must have committed an act

"directed at the residents of Delaware and the protection of Delaware laws" and caused tortious

injury in Delaware. *Freres v. SPI Pharma, Inc.,* 629 F. Supp. 2d 374, 386 (D. Del. 2009). The

'229 patent is owned by Japanese companies with Japanese inventors.  Novartis only has

contractual rights, if any. Plaintiffs' claims against Ezra are for foreseeable patent infringement.[2]

Ezra currently has produced no ANDA-subject (fingolimod) product for sale and has not put that

product into the "stream of commerce." Ex. A at ¶13, 14. *M2M,* 935 F. Supp. 2d at 745, citing

---

[2] 35 U.S.C. § 271(e)(2)(a) provides: "It shall be an act of infringement to submit an application
under section 525(j) of the Federal Food, Drug, and Cosmetic Act or described in section
525(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent[.]"

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1320 (Fed. Cir. 2005)(finding no personal jurisdiction under a "stream of commerce" theory where plaintiff failed to identify sales of infringing products in forum), *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1467 (D. Del. 1991) (the allegedly tortious act must be committed in Delaware).  No tort has occurred against Delaware or its residents.  Since there has been no specific act that has occurred within Delaware, specific jurisdiction cannot lie.  The *Daimler* Court also debunked the "stream of commerce" theory as the sole basis of jurisdiction.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 757 (2014)("Although the placement of a product into the stream of commerce "may bolster an affiliation germane to *specific* jurisdiction," we explained, such contacts "do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.""").

Subsections (c)(5) and (6) of the long-arm statute do not apply. Although Plaintiffs did not assert these sections, Ezra does not have an interest in, does not use, and does not possess any real property in Delaware. Ex. A at ¶5. Moreover, Ezra does not contract to insure or act as surety for any person or entity in Delaware.  Ex. A at ¶¶7, 8.

Plaintiff's allegations fall well short of Delaware's long-arm statute.  Ezra does not transact any business in Delaware, does not perform any work in Delaware, does not contract to do anything in Delaware, and does not sell or offer to sell its ANDA-subject products in Delaware.  Ex. A at ¶¶2-9. There is no statutory basis for this Court to exercise specific jurisdiction over Defendant based on Delaware's long-arm statue.

### 2.    Exercising General Jurisdiction Over Defendant is Improper

Subsection (c)(4) of the long-arm statute confers general jurisdiction over Ezra where its connections with Delaware do not include activities that are subject of the action, but where it, or

6

through its agents, causes tortious injury in Delaware or outside of Delaware, and "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." *L.G. Philips LCS Co. v. Chi Mei Optoelectronics, Corp.,* 551 F. Supp. 2d 333, 338 (D. Del. 2008).

The ANDA filing was prepared outside of Delaware, was filed as required in Maryland with the FDA, and the requisite notice letter was sent from Illinois to Plaintiffs' New Jersey office (in addition to addressees in Switzerland and Japan). Ex. A at ¶¶12-16.[3]  While prepared out of state, the allegations do not establish that Ezra engages in a ***persistent course of conduct*** in Delaware and derives substantial revenue as a result (emphasis added).  A finding of general jurisdiction requires that a corporation engage in *sufficient activities* in Delaware to establish a general presence. *Liqui-Box Corp.,* 2013 U.S. Dist. LEXIS 84532, at *2.  The fact that Ezra conducts absolutely no activities in Delaware eviscerates Plaintiffs claim of general jurisdiction.[4]

### B.    Due Process Forbids Exercising Jurisdiction Here

Due Process prevents exercising personal jurisdiction in Delaware. "In order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *AstraZeneca AB v. Mylan Pharmaceuticals, Inc.,* 2014 U.S. Dist. LEXIS 156660, at *2 (D. Del. 2014)(citing *Int'l Shoe Co. v. State of Wash., Off. of Unempl. Comp. & Placement,* 326 U.S. 310, 316 (1945).  This doctrine is also split into two categories: specific and general jurisdiction.  *Id.*  Like the long-arm statute

---

[3]  The act of mailing is complete once it is posted, accordingly, the act of mailing was done in Illinois to an addressee in New Jersey. No letter was within the territory of Delaware.
[4]  See also, *Eli Lilly & Co. v. Mylan Pharm., Inc.,* 2015 WL 1125032, at *4 (S.D. Ind. Mar. 12, 2015)(dismissing general jurisdiction claim against ANDA defendant)("Accordingly, we agree with the Mylan Defendants that Plaintiffs have failed to establish that general jurisdiction exists here under the framework set forth in Daimler.").

analysis, specific jurisdiction exists where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of, or relate to those activities, while general jurisdiction does not require that the cause of action arise out of the contacts with the forum state. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985) and *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, (1984)).  However, general jurisdiction can only be established when the defendant's contacts with the forum "are so continuous and systematic as to render it essentially at home in the forum State." *Id.* (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)).

General jurisdiction requires affiliations that are *so* continuous and systematic as to render the foreign corporation essentially at home in the forum state, i.e. comparable to a domestic enterprise in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  A company is considered to be "at home" for the purposes of general jurisdiction in only a narrow set of circumstances: "with respect to a corporation, the place of incorporation, and principal pace of business are paradigm bases for general jurisdiction." *Daimler*, 131 S.Ct. at 760-62 (2014).  In *Daimler*, Daimler was a leading car company where 10% of its total new car sales were in California and totaled over 4.6 billion dollars a year. *Id* at 766-67.  It also had real property and regional offices in California.  Despite these ties with California, the Supreme Court ruled its contacts would "hardly render it at home there" and personal jurisdiction could not lie. *Id* at 760.

Ezra's contacts with Delaware fall far short of the *Daimler* standard.  Ezra is not incorporated in Delaware and does not have any place of business in Delaware. Ex. A at ¶2.  Moreover, Ezra does not transact any business in Delaware, does not perform any work in Delaware, does not contract to do anything in Delaware, has no employees residing in Delaware,

8

has no manufacturing plants, corporate offices, facilities, or other real property in Delaware, and does not sell or offer to sell its ANDA-subject products in Delaware. *Id.* at ¶¶2-8.

Nor do Plaintiffs' allegations concerning its own litigation history in Delaware transform Ezra's "home" to Delaware. The mere fact that Plaintiffs have previously litigated against others in Delaware is insufficient to confer jurisdiction in this action. *See e.g., AstraZeneca,* 2014 U.S. Dist. LEXIS 156660, at *2. Unlike other ANDA defendants in other suits, Ezra has never been sued at all, anywhere, and to be clear has never been sued in Delaware. Ex. A at ¶9. Considering Ezra has no activities taking place in Delaware, forcing it to defend a suit in Delaware is unfair and unconstitutional. Therefore, this court lacks general jurisdiction.

Ezra alternatively moves to stay this case pending resolution of the interlocutory appeal in *AstraZeneca.* The Federal Circuit has permitted the appeal to progress. Fed. Cir. Docket No.: 15-1460. In Delaware, there is a 3-part test to stay a case: (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set. *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp.2d 568, 575 (D. Del. 2012). Here, the test is amply satisfied. Novartis is not prejudiced as it chose to sue also in Arkansas and can pursue its rights there. There is no delay as Ezra already answered in Arkansas, whereas here in Delaware, this case is at the preliminary motion stage. HEC Pharma is also challenging jurisdiction and hence Novartis, through its own conduct, may litigate the case in multiple jurisdictions. If this case is stayed pending the *AstraZeneca* appeal, no resources are spent here and the appeals court ruling could be dispositive here. Issues for Delaware are therefore simplified. Here, no discovery has occurred and no Scheduling Order exists.

9

Similarly, no personal specific jurisdiction over Ezra because it has not "purposefully directed" any activities relating to this action at the state or residents of Delaware. "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate" to those activities." *Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324 (Fed. Cir. 2008). The Federal Circuit's three-prong test to determine specific jurisdiction asks whether: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Avocent,* 552 F.3d at 1332 (internal quotation marks and citations omitted).

As discussed above, Ezra prepared the application in Arkansas and filed it in Maryland, with the FDA, and sent the paragraph IV notice letters to New Jersey. Ex. A at ¶15. Plaintiff argues that the act of sending the paragraph IV notice letter to a Delaware incorporated company that resides in New Jersey is an act that subjects Defendants to the jurisdiction of Delaware. D.I. 1 at ¶12.[5] Plaintiff further argues that it was reasonably foreseeable that Defendant would be sued in Delaware since there have been other actions brought by Plaintiffs in this district. D.I. 1 at ¶14. However, such assertions conflict with "traditional notions of fair play and substantial justice" and are insufficient to establish the necessary minimum contacts for specific jurisdiction.

---

[5] The notice was actually sent to Plaintiff, Novartis Pharmaceuticals Corporation's principal place of business in New Jersey. Ex. A at ¶15. Further, Plaintiffs do not assert that any employee in Delaware received the Notice Letter, or was injured by the letter in Delaware. *Forest Labs, Inc. v. Cobalt Labs. Inc.,* No. C.A.0821-GMS- LPS, 2009 WL 605745, at *9 (D. Del. 2009) report and recommendation adopted, No. CA 08-21-GMS-LPS, 2009 WL 2753427 (D. Del. 2009)("The 'act' of mailing, for purposes of subsection (c)(3), is complete when the material is mailed." *Sears, Roebuck & Co. v. Sears plc,* 744 F. Supp. 1289, 1294 (D. Del. 1990)( "Sears I" ). The mailing never came into Delaware and its sending was not an act in Delaware.").

First, the artificial act of infringement by filing the ANDA occurred long before Novartis even sued Actavis in Delaware. Only after the filing did Ezra send the Notice Letter. At the time of the Ezra suit, Plaintiffs sued only Actavis in Delaware and New Jersey and hence is misleading to suggest that "other actions" were brought in Delaware.[6] At the time Novartis sued Ezra, all that happened in the Actavis Delaware case was an Answer was filed and Pro Hac Vice motions filed or ordered. That's it. No substantial activity at all. Novartis cannot use Ezra's ANDA filing, which was pre-Actavis lawsuit as the jurisdictional basis, but then use Ezra's Notice Letter tender dates to somehow say Ezra "knew" or foresaw suit in Delaware. Novartis is improperly using different dates as the jurisdictional bases. It cannot do so.

The effect of Plaintiffs' theory is grave. In effect it would permit specific jurisdiction to lie in Delaware for any plaintiff incorporated in Delaware, irrespective of where the plaintiff or defendant resides or does business. *Sears, Roebuck & Co. v. Sears plc.*, 744 F. Supp. 1289, 1294 (D. Del. 1990). In other words, every defendant everywhere is subject to personal jurisdiction in Delaware simply because a plaintiff is incorporated in Delaware. Personal jurisdiction is what it purports to be: it is a "personal" issue to Ezra, not personal to Novartis. Moreover, Novartis Pharmaceuticals Corp. is the only Plaintiff among the many that have any relationship with Delaware. Plaintiffs pled the opposite in that all other plaintiffs are domiciled and incorporated outside the USA.

---

[6] Plaintiffs sued Actavis in Delaware (1:14-cv-01487-LPS) and New Jersey (2:14-cv-07849). As these were the suits that were filed previously, Ezra could have equally reasonably expected to be sued in New Jersey instead of Delaware. Notably, with respect to co-defendant HEC Pharma, HEC filed a similar motion to dismiss (Del. 1:15-cv-00151-LPS). Plaintiffs filed another suit against HEC in New Jersey (2:15-cv-01647). Even Plaintiffs recognize that it has multiple suits in multiple jurisdictions.

Two recent decisions from this Court (post-*Daimler*) are instructive on this issue. In *AstraZeneca*, the Court found specific jurisdiction over Mylan because it found that Mylan anticipated it could be sued in Delaware because it has litigated numerous cases in Delaware and had a registered agent to accept service of process in Delaware. 2014 U.S. Dist. LEXIS 156660, at *22. Therefore, the Court found that Mylan had sufficient minimum contacts with Delaware for specific jurisdiction to exist. In *Acorda*, this Court found specific jurisdiction over Mylan, which filed the ANDA and sent a notice letter to plaintiff because of its extensive contacts in Delaware, as well as its incorporation in Delaware. *Acorda Therapeutics, Inc. v. Mylan Pharms.Inc.*, 2015 U.S. Dist. LEXIS 4056, at *51-59 (D. Del. 2015). This Court considered Mylan's contacts with Delaware, including "its registration to do business in Delaware [and its] registration with the Delaware Board of Pharmacy," and found that Mylan had "the necessary contacts with the forum" based on its "intentional" conduct. *Acorda*, 2015 U.S. Dist. LEXIS 4056, at *54, *58-59. Mylan, so far, is the common defendant across most cases where jurisdiction was found post-*Daimler*. It is not credible to assert that cases overwhelming support finding jurisdiction when the same company is the defendant in each case and the facts of each case do not change. Unlike here, Ezra's facts are much different than anyone else's.

Ezra, unlike Mylan or HEC, is not incorporated in Delaware, is not registered to do business in Delaware, has no sales in Delaware of this or any other product, has no employees in Delaware, has not litigated any lawsuits in Delaware (whether as a Plaintiff or defendant), has not contracted with any party in Delaware, has no property in Delaware, has not partnered with other companies, operates no website, has no other ANDA's approved, has never availed itself of any privilege or benefit of Delaware, did not send the Para. IV Notice Letter to any addressee in Delaware, did not file the ANDA from Delaware, did not develop the ANDA product in

12

Delaware, and does not have any repeated contact with Plaintiffs anywhere, much less in

Delaware. Ex. A at ¶2-16. Specific jurisdiction simply cannot lie. These facts distinguish this

case from *AstraZeneca* and *Acorda*. Accordingly, this Court lacks specific jurisdiction over Ezra.

**C.    If this Court Finds that It has Personal Jurisdiction over Ezra, Nonetheless
this Case should be Transferred to the Eastern District of Arkansas for
Fairness and Convenience Purposes.**

Fairness and convenience mandates the transfer of this case to the E.D. of Arkansas

where the same suit is also pending.  Section 1404(a) of Title 28 governs venue transfers and

states in relevant part:

> For the convenience of the parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or division where
> it may have been brought. 28 U.S.C. § 1404(a).

Section 1404(a) vests district courts with broad discretion to determine whether convenience and

fairness considerations weigh in favor of transfer." *Abbott Laboratories v. Roxane Laboratories,*

*Inc.*, 2013 U.S. Dist. LEXIS 74316, at *56 (D. Del. 2013), citing *Jumara v. State Farm Ins. Co.*,

55 F.3d 873, 883 (3d Cir. 1995).

The Third Circuit said that there is no definitive formula or list of factors to consider

when determining whether to transfer a matter.  *Id.*  Courts must analyze "all relevant factors" to

determine whether the "litigation would be more conveniently proceed and the interest of justice

be better served by transfer to a different forum." *Id.*  The Third Circuit's *Jumara* factors

consider both public and private interests in the transfer. *Abbott*, 2013 U.S. Dist. LEXIS 74316,

at *56, citing *Jumara* 55 F.3d at 883.[7]  The private interest factors include the plaintiff's forum

preference as manifested in the original choice, the defendant's preference, whether the claim

---

[7] Each factor must be considered and regional Third Circuit law applies. *Abbott Laboratories*,
2013 U.S. Dist. LEXIS 74316, at *56.

arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses, and the location of books and records. *Id.* The public interest factors include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two for a resulting from court congestion, the local interest in deciding local interests at home, and the public policies of the fora. *Id.*

### 1.    The Private Interest Factors Weigh in Favor of Transfer

#### a.    Plaintiffs' Forum Preference

Although Plaintiffs have chosen Delaware as their original, preferred forum, the remaining *Jumara* factors must also be considered. The Court must also consider the reasons behind the choice; if those reasons are "rational and legitimate" they will weigh against the transfer. *Abbott,* 2013 U.S. Dist. LEXIS, at *60. Considering Ezra has no connection to Delaware, the only plausible reason for Plaintiffs' choice in forum is for its convenience, which itself may not even be true. "Where a plaintiff's choice of forum is arbitrary, irrational, or selected to impede the efficient and convenient progress of a case, it should not be afforded substantial weight." *Abbott,* 2013 U.S. Dist. LEXIS, at *63, *Affymetrix, Inc. v. Synteni, Inc.* 28 F. Supp. 2d 192, 200 (D. Del. 1998)(noting that if a plaintiff had no good reason, or an improper reason, for filing suit in this District, the factor would likely weigh against transfer). Plaintiffs also expected jurisdictional issues with Delaware because of the suit filed in Arkansas.

#### b.    Defendant's Forum Preference

Ezra prefers Arkansas because there is where its only place of business is located, where it is registered, where its employees who were involved in the development of its ANDA are, where many of Ezra's documents relating to its ANDA and its ANDA product (if any) are, and

14

where there is already pending litigation regarding the ANDA filing. Ex. A at ¶¶2, 3, 6, 12. This weighs in favor of transfer.

### c.     Where the Claims Arose

When assessing where a claim for patent infringement arose, the court will in part focus on the production, design and manufacture of the infringing product. *Abbott,* 2013 U.S. LEXIS 74316, at *67. ANDA cases are based primarily on an artificial act of infringement. *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997)("The act of infringement that gives rise to a case or controversy in an ANDA case has been stated to be 'artificial,' in the sense that a specific infringing composition has not yet been made, used, or sold, and is thus no necessarily available for a court to compare to the claims."). This Court and others tend to look to the forum where the ANDA submission itself was prepared and submitted. *Abbott,* 2013 U.S. LEXIS 74316, at *68; *Pfizer Inc. v. Sandoz Inc.,* 2010 WL 256548, at *5 (D. Del. 2010); *PfizerInc.* v. *Apotex, Inc.*, 2009 WL 2843288, at *3 n. 5 (D. Del. 2009); *Pfizer Inc. v. Synthon Holding, B.V.*, 386 F. Supp. 2d 666, 675-76 (M.D.N.C. 2005), or to where the ANDA product was developed. *Bristol-Myers Squibb Co. v. Andrx Pharms, LLC,* 2003 WL 22888804, at *3 (S.D.N.Y.  2003). Ezra's actions occurred in Arkansas.  This factor weighs in favor of transfer.

### d.     Convenience of the Parties

The Court must also weigh the convenience of the parties "as indicated by their relative physical and financial condition" and the "convenience of the witnesses." *Abbott*, 2013 U.S. Dist. LEXIS at *69, *75. The court looks to the parties' physical location and the associated costs to the parties' employees in traveling to Delaware (as opposed to the transferee district) for litigation purposes and the relative ability of each party to bear these cots in light of its size and financial wherewithal. *Id.* at *75. Moreover, the court should consider the availability of fact

witnesses who possess first-hand knowledge of the events giving rise to the lawsuit. *Id.* Ezra is located in Little Rock, Arkansas, as is its office, records and all employees responsible for the development of its ANDA. Ex. A at ¶¶2-4, 12. Although one Plaintiff (NPC) is incorporated in Delaware, its office is in New Jersey and has no other ostensible connection to Delaware. D.I. 1 at ¶¶3-6. Each other Plaintiff is ex-US. Moreover, the inventors of the patent are in Japan, as are the patent owners. Plaintiffs' witnesses would also need to travel to Delaware from Japan, Switzerland, New Jersey, Delaware (if any), and Arkansas.[8] If the case is not transferred, Ezra witnesses would be required to engage in travel to Delaware. Ezra is a small company and the costs associated with travel for witnesses, etc. would be burdensome. Ex. A at ¶¶2, 7; *Abbott,* 2013 U.S. Dist. LEXIS 74316, at * 72.

        **e.**    **Non-Party Witnesses**

      Moreover, any fact witnesses that may be necessary to testify in Ezra's defense are outside of Delaware and outside the subpoena power of Delaware. Ezra would most likely need the testimony of those who helped to develop the product who are not in Ezra's control group, not its employees, and are not Delaware residents. Thus, any travel required to necessary may come at great monetary and time expense to non-party witnesses. Defendants need not prove that its identified witnesses' may actually be unavailable for trial in Delaware, but only that it is enough that likely witnesses who reside beyond the court's subpoena power and there is reason to believe that those witnesses will refuse to testify absent subpoena power. *Joao Control & Monitoring Sys., LLC v. Ford Motor Co.,* 2013 U.S. Dist. LEXIS 118299, at *6 (D. Del. 2013).

---

[8] For example, from Tokyo to Little Rock, AR is about 6536 air miles, and to Wilmington, DE is about 6771 air miles. There are no non-stop flights from Tokyo to Philadelphia or Little Rock as all flights will transit through a U.S. hub. Once in a U.S. hub, connecting to Little Rock or Philadelphia is of no major consequence.

Ezra's potential witnesses have no affiliation with it, thus providing a reason to believe they may not be cooperative. This factor weighs in favor of transfer.

### f.    Books and Records

Lastly, all records, files and books of Defendant are located in Arkansas. Ex. A at ¶6. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently the place where the defendant's documents are kept weigh in favor of transfer to that location." *Abbott,* 2013 U.S. Dist. LEXIS 74316, at *72. Although this factor is commonly given little weight, because technological advances have shortened the time it takes to transfer information and has made the ability to transfer information easier, the court must not ignore it entirely. *Id.* Despite this, the Court must also treat this factor with weight, albeit marginal, in favor of transferring the matter to Arkansas because that is where all of the records are located. None of Plaintiffs books and records (or experts) are likely in Delaware.

### 2.    Public Interest Factors Weigh In Favor of Transfer

### a.    Court Congestion

Another consideration is, respectfully, the administrative difficulty in getting the case to trial. *Id.* at *84. This District carries a docket of approximately 2,533 cases, while the Eastern District of Arkansas carries a docket of approximately 1510 cases. See, U.S. District Courts-Judicial Caseload Profile, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2014.aspx. Additionally, the Delaware statistic on median time from filing to trial is 31.8 months, whereas the E.D. of Arkansas has 19.5 months median time. Because Arkansas has about a 40% less case load and its speed to trial, this factor weighs in favor of transferring.

### b.    Local Interest

Local interests also play a factor in deciding whether to transfer a matter. *Abbott,* 2013

U.S. Dist. LEXIS 74316, at *84. Typically, patent litigation does not give rise to a local

controversy or implicate local interests. *Id.* However, courts have found that the local interest

factor weighed in favor of transfer where the "accused drug was developed and tested within the

proposed transferee district and the cause of action calls into question the work and reputation of

several individuals residing in or near the transferee district who presumably conduct business in

that community." *Id.* at *88. The patent-in-suit subject matter was discovered in Japan, not in

the USA, and certainly not in Delaware. The patents are still owned by Japanese companies, with

Novartis Switzerland and Novartis USA owning rights in the brand drug approval.  Only

Novartis USA is in New Jersey. No local Delaware rights are being impugned by the artificial

act of infringement. On the other hand, Ezra's ANDA, personnel, and corporation is in Arkansas

and local interests favor Arkansas.  Thus, this factor weighs in favor of transferring this case.

### c.   Practical Considerations

As explained above, this practical consideration favors Ezra.

## IV.   CONCLUSION

For the foregoing reasons, Ezra respectfully requests that this Court dismiss Plaintiff's

complaint for lack of personal jurisdiction, or in the alternative, enter an order transferring venue

to the District Court of Arkansas or staying the Delaware case in view of the pending

*AstraZeneca* appeal.

Dated:  April 2, 2015                          Respectfully Submitted,

Of Counsel:                                    */s/ Stamatios Stamoulis*          .
                                               Stamatios Stamoulis #4606
Shashank Upadhye                               Richard C. Weinblatt #5080
Joseph E. Cwik                                 STAMOULIS & WEINBLATT LLC
Jonathan J. Krit                               Two Fox Point Centre
Amin Talati & Upadhye, LLC                     6 Denny Road, Suite 307
55 W. Monroe St., Suite 3400                   Wilmington, DE 19809
Chicago, IL 60603                              Telephone: (302) 999-1540
Telephone: (312) 327-3368                      sstamoulis@swdelaw.com
ezra-fingolimod@amintalati.com                 weinblatt@swdelaw.com

                                               *Attorneys for Defendant,*
                                               *Ezra Ventures, LLC*

19

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2015, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system which will send notification of such filing via

electronic mail to all counsel of record.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606

20