**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**NOVARTIS AG, NOVARTIS**                         **PLAINTIFFS**
**PHARMACEUTICALS CORPORATION,
MITSUBISHI TANABE PHARMA
CORPORATION, and MITSUI
SUGAR CO., LTD.**

**CASE NO. 4:15-cv-95-KGB**

**EZRA VENTURES, LLC**                               **DEFENDANT**

**<u>RULE 26(f) REPORT</u>**

The parties submit the following information as required by Fed. R. Civ. P. 26(f) and

Local Rule 26.1:

(1) Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P.
26 (a).

<u>Plaintiffs' Position</u>:  Plaintiffs state that the parties have agreed to a schedule in the first-
filed, identical case in Delaware.  That schedule includes a date for initial disclosures.  Plaintiffs
have filed a motion to stay this matter pending resolution of the first-filed case in Delaware.  To
the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the case
schedule and filings in Delaware, including all discovery, should apply in this case.

<u>Defendant's Position</u>:  None.  The proposed schedule submitted to Judge Stark in
Delaware will only apply in Delaware if Judge Stark so orders.  This Court is not bound by the
Delaware schedule or Delaware discovery requirements.  Ezra's agreement to the Delaware
schedule and discovery considerations does not reflect any Ezra agreement that such a schedule
or discovery considerations are appropriate in this District.   Ezra's agreements in Delaware
simply reflect Ezra's understanding of the availability of Judge Stark's trial dates, Delaware
local practice, Delaware local rules and Judge Stark's form scheduling order.

(2) Date when mandatory disclosures were or will be made.

<u>Plaintiffs' Position</u>:  Plaintiffs state that the parties have agreed to a schedule in the first-filed, identical case in Delaware.  That schedule includes a date for initial disclosures.  Plaintiffs have filed a motion to stay this matter pending resolution of the first-filed case in Delaware.  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the case schedule and filings in Delaware, including all discovery, should apply in this case.

<u>Defendant's Position</u>:  June 29, 2015

(3) Subjects on which discovery may be needed.

<u>Plaintiffs' position</u>:  The Parties have submitted proposals for the scope of discovery in the first-filed Delaware case (D.I. 33, § 9(b)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the discovery provisions in Delaware should apply in this case.

<u>Defendant's position</u>:

(a)  The alleged direct and indirect infringement of the '229 patent by Ezra.

(b)  Plaintiffs' claims for willfulness, damages, costs, attorneys' fees, enhanced damages, interest, and/or injunctive relief, including financial information related to the Gilenya® products and methods of using the same.

(c)  The alleged non-infringement and invalidity of the '229 patent.

(d) The patent term extension of the '229 patent as being allegedly invalid as violating 35 U.S.C. § 156(c)(4).

(e) The alleged invalidity of the '229 patent for double-patenting as the extended patent term extends past another commonly-owned patent and the claims of the '229 patent would be obvious over the commonly-owned patent.

(f) The alleged invalidity of the '229 patent for patent misuse for filing suit on patent claims the Plaintiffs know or should know to be invalid.

2

(g)  Ezra's claim for costs, attorneys' fees and injunctive relief.

(4)  Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

Plaintiffs' position:  The parties have agreed to meet and confer regarding a protocol for discovery of electronically stored information ("ESI") in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

Defendant's position:  Yes.

If so:

(a)  whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

Plaintiffs' position:  The parties have agreed to meet and confer regarding a protocol for ESI in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

Defendant's position:  Ezra has not determined the full extent to which Plaintiffs' discovery requests will seek disclosure or production of data beyond what is reasonably available to Ezra in the ordinary course of business.  In addition, Ezra is unaware whether the electronic information sought from Plaintiffs is reasonably available to Ezra in the ordinary course of business.  If the information sought from Ezra by Plaintiffs, or vice versa, is not reasonably available, Ezra will meet-and-confer with Plaintiffs to attempt to limit the amount of data sought that is not reasonably available to that party in the ordinary course of business.

3

(b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

<u>Plaintiff's position</u>:  The parties have agreed to meet and confer regarding a protocol for ESI in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

<u>Defendant's position</u>: Ezra has not determined the full extent to which Plaintiffs' discovery requests will seek disclosure or production of data beyond what is reasonably available to Ezra in the ordinary course of business, and thus cannot anticipate the corresponding cost and time required for disclosure.  In addition, Ezra is unaware whether the electronic information sought from Plaintiffs is reasonably available to Ezra in the ordinary course of business, and thus cannot anticipate the corresponding cost and time required for disclosure.  If the information sought from Ezra by Plaintiffs, or vice versa, is not reasonably available, Ezra will meet-and-confer with Plaintiffs to attempt to limit the amount of data sought that is not reasonably available to that party in the ordinary course of business.

(c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

<u>Plaintiff's position</u>: The parties have agreed to meet and confer regarding a protocol for ESI in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

<u>Defendant's position</u>:

**General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format or in PDF format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension.   Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**Footer.**   Each document image shall contain a footer with a sequentially ascending production number.

**Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**No Backup Restoration Required.** Absent a showing of good cause,  no  party  need restore  any  form  of  media  upon  which  backup  data  is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**Voicemail  and Mobile  Devices.**  Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

The mere production of ESI in this litigation shall not itself constitute a waiver for any purpose.

    (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

Plaintiffs' position:  The parties have agreed to meet and confer regarding a protocol for ESI in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

Defendant's position:  Yes.

    (e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

Plaintiffs' position:  The parties have agreed to meet and confer regarding a protocol for ESI in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 9(a)).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the ESI protocol in Delaware should apply in this case.  Plaintiffs object to and do not agree with the proposal set forth by Ezra, which contravenes the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

Defendant's position: None at this time.

  (5) Date by which discovery should be completed.

Plaintiffs' Position:  Plaintiffs state that the parties have agreed to a schedule in the first-filed, identical case in Delaware.  That schedule includes a date for completion of discovery. Plaintiffs have filed a motion to stay this matter pending resolution of the first-filed case in Delaware.  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the case schedule and filings in Delaware, including all discovery, should apply in this case.

<u>Defendant's Position</u>:  February 10, 2016.

(6)  Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

<u>Plaintiffs' position</u>:  The parties' views on potential changes to limitations imposed by the Federal Rules of Civil Procedure are found in their Proposed Scheduling Order for the first-filed Delaware case (C.A. 15-150, D.I. 33).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that any limitations addressed in the parties' Proposed Scheduling Order in Delaware should apply in this case.

<u>Defendant's position</u>:  The parties should consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(E), that service may be made by electronic mail, with copies sent to all attorneys of record for the party served, and that the three-day response time extension of Federal Rule of Civil Procedure 6(d) shall be applicable to such service.

(7)  Any orders, e.g. protective orders, which should be entered.

<u>Plaintiffs' position</u>: The parties have agreed to meet and confer regarding a Protective Order in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 10).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the Protective Order ultimately agreed upon in Delaware should apply in this case.  Plaintiffs similarly submit that the case schedule and filings in Delaware, including claim construction, should apply in this case. Plaintiffs object to and do not agree with the proposals set forth by Ezra, which contravene the parties' agreement to meet and confer regarding these matters in connection with the Delaware case.

<u>Defendant's position</u>:   Ezra contends that a Protective Order should be entered in this case in the form attached hereto as Exhibit 1.

Ezra contends that an order should be entered by the Court to provide guidance to the parties for the claim construction phase of this case. Ezra has agreed to all of the provisions of the Proposed Order Regarding Claim Construction Procedures that is attached as Exhibit 2.  In

addition, Ezra respectfully requests that the Court schedule a Claim Construction Hearing during the week of September 7, 2015.

Ezra agrees with the Court's dates entered in the Initial Scheduling Order. (D.I. #23)

(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

Plaintiffs' Position:  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Plaintiffs state that these disclosures are not appropriate in this case, pursuant to their motion to stay this matter pending resolution of the first-filed case in Delaware.

Defendant's Position:  None.

(9) Any objections to the proposed trial date.

Plaintiff's position:  The parties have agreed to a March 2017 trial date in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 24).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the case schedule and filings in Delaware, including the trial date, should apply in this case.

Defendant's position: None.

(10) Proposed deadline for joining other parties and amending the pleadings.

Plaintiffs' position:  The parties have agreed to a March 29, 2016 deadline to join other parties and amend the pleadings in the first-filed Delaware case.  (C.A. 15-150, D.I. 33, § 7).  To the extent that the Court denies Plaintiffs' motion to stay, Plaintiffs submit that the case schedule and filings in Delaware, including the deadline to join other parties and amend the pleadings, should apply in this case.

Defendant's position:  November 2, 2015

Date: June 22, 2015    By:  /s/ Richard Blakely Glasgow
           WRIGHT, LINDSEY & JENNINGS LLP
           200 West Capitol Avenue, Suite 2300
           Little Rock, Arkansas 72201
           (501) 371-0808
           Fax: (501) 376-9442
           kwilson@wlj.com; bglasgow@wlj.com

           AMIN TALATI & UPADHYE, LLC
           Shashank Upadhye
           Joseph E. Cwik
           Jonathan Krit
           55 West Monroe Street, Suite 3400
           Chicago, IL 60603
           (312) 327-3326
           ezra-fingolimod@amintalati.com

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**NOVARTIS AG, NOVARTIS**                                             **PLAINTIFFS**
**PHARMACEUTICALS CORPORATION,**
**MITSUBISHI TANABE PHARMA**
**CORPORATION, and MITSUI**
**SUGAR CO., LTD.**

**CASE NO. 4:15-cv-95-KGB**

**EZRA VENTURES, LLC**                                                **DEFENDANT**

**PROTECTIVE ORDER**

Novartis AG, Novartis Pharmaceuticals Corporation, Mitsubishi Tanabe Pharma Corporation, Mitsui Sugar Co., and Ezra Ventures, LLC. have requested that the Court enter a "Protective Order" pursuant to Federal Rule of Civil Procedure 26(c). The Court hereby grants the parties' request and orders as follows:

1.      Documents and things considered by a party or a nonparty from whom discovery is sought to contain either:  (a) financial information that is business confidential, (b) technological trade secret information,    (c) business confidential sales and customer information, or (d) non-public, proprietary, or confidential corporate and strategic planning information may be marked either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," depending on the sensitivity of the documents and things, which shall generally be referred to as "Confidential Information."  No party or nonparty shall designate material as confidential unless counsel for the producing party or nonparty believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c)(7).

2.     With respect to all documents and things produced by a producing party, whether a party to this action or a nonparty, for inspection and copying and which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and except as noted in paragraph 6 hereof, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a)     The outside counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel");

(b)     Those employees and agents of the receiving party having a need to know without written permission from the producing party or further order of this Court;

(c)     Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation, pursuant to paragraph 6;

(d)     Third party entities, and the employees of said third party entities, retained by the outside counsel to provide support services in this action, pursuant to paragraph 6;

(e)     The Court and court employees, court reporters, stenographers, and videographers;

(f)     The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; an

(g)     Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

Further, the documents and things, and the information contained therein, shall be received and used only for purposes directly related to this action and not for promotional or competitive purposes or the prosecution of additional intellectual property rights.

3.      With respect to all documents and things produced by a party to this action for inspection and copying and which are designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the producing party the documents and things, and the information contained therein, shall be kept confidential and shall only be made available, either directly or indirectly, to any person or entity specified in subparagraphs 2(a) and 2(c)-2(g). The documents and things, and the information contained therein, shall be used only for purposes directly related to this action and shall not be used by the parties or the parties' subsidiaries, employees, officers, directors, or agents for any other purpose.

4.      If depositions are conducted in this action which involve information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by a party, their content may be marked and treated in the same manner as documents and things. The portions of said depositions involving such information will be taken "in camera" with no one present except said attorneys, the reporter/videographer, the deponent and such other persons as would be allowed to receive the information under paragraphs 2 and 3 above. Counsel shall also have ten (10) business days after receipt of a deposition transcript to designate portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY." If any such deposition testimony is filed with the Court, it shall be filed under seal, shall be marked with reference to this Order and shall not be opened or viewed by anyone other than court personnel, except upon order of this Court.

5.     All persons, other than the parties and their counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Protective Order, are hereby enjoined from disclosing to any other person not directly interested in this litigation or not authorized under this Protective Order to receive such information.

6.     Documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things may be disclosed to persons covered by subparagraphs 2(c) and 2(d) for Plaintiff who are not and have not been otherwise affiliated with Plaintiff and who are retained by Plaintiff solely for purposes of this lawsuit.     Likewise, documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things may be disclosed to persons covered by subparagraphs 2(c) and 2(d) for Defendant who are not and have not been otherwise affiliated with Defendant and who are retained by Defendant solely for purposes of this lawsuit.     Before disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information to persons covered by subparagraphs 2(c) and 2(d), such persons shall be provided with a copy of this Protective Order and shall execute a statement (Exhibit A) averring that they have read and understand this Protective Order and agree to be bound by its terms.

7.     In the event a party wishes to submit any information identified as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with this Protective Order to the Court, the party shall submit it to the Court in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, a statement

of the nature of the contents, and the word "Confidential." The Clerk of Court is hereby directed to maintain such information as provided by this Protective Order.

8.      Information identified as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with this Protective Order may be disclosed in testimony at the trial of this action or ordered in evidence at the trial of this action, subject to the Federal Rules of Evidence and subject to such further Order as this Court may enter.

9.      Acceptance by a party of any information, document or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" hereunder shall not constitute a concession that the information, document or thing is confidential or a trade secret.

10.     Those documents, deposition transcripts or other information identified by any party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this action, unless otherwise ordered by the Court, either shall be returned to the producing party or shall be destroyed within 30 days of the termination of this action; however, counsel for the parties may retain copies of all documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" that were included as exhibits to pleadings in the case.

11.     If the receiving party disagrees with the producing party's designation of any document either as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEYS EYES ONLY," the receiving party shall request in writing the producing party to redesignate such document, such request setting forth the specific documents at issue and the reasons the receiving party believes such document should be redesignated. If the producing party does not redesignate the document within five (5) business days after receipt of the request to redesignate,

the receiving party may then make a motion with the Court for the Court to order the redesignation of such documents.

12.     If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally. Furthermore, anyone who has received such re- classified information and has not agreed to be bound by this Protective Order shall execute a statement (Exhibit A) averring that they have read and understand this Protective Order and agree to be bound by its terms. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can properly be reclassified. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

13.     By making information and documents designated as Confidential Information available for use in this action, neither Plaintiff nor Defendant has waived or compromised the confidentiality, protectability, or privilege of the information or documents.

14.     In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Protective Order with respect to any information provided to

the parties by so advising the parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non- party's rights in its information.

15.     Nothing in this Protective Order shall:

(a)     Limit a receiving party's use of documents and information obtained other than through discovery in this action;

(b)     Limit the right of the producing party to disclose Confidential Information produced by the producing party, such disclosure not being subject to the protective procedures set forth in this Protective Order and which shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes the Confidential Information a matter of public record);

(c)     Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure; or

(d)     Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Information in any paper filed with the Court or to show a deponent at a deposition a document that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" pursuant to the provisions of this Protective Order, subject to the provisions and protections afforded by this Protective Order.

IT IS SO ORDERED, this ___ day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD.** | **PLAINTIFFS** |

**CASE NO. 4:15-cv-95-KGB**

| | |
|---|---|
| **EZRA VENTURES, LLC** | **DEFENDANT** |

The undersigned, having read and understood the Protective Order in the above-captioned matter dated _____, governing the restricted use of documents and other information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" pursuant to the Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Signed:_____

Dated: _____

18

**Exhibit 2**

**Proposed Order Regarding Claim Construction Procedures**

1.      **Exchange of Proposed Terms and Claim Elements for Construction.**

On *June 30, 2015*, each party shall simultaneously exchange a list of claim terms,

phrases, or clauses which that party contends should be construed by the Court, and identify any

claim element which that party contends should be governed by 35 U.S.C. § 112(6).

2.      **Exchange of Preliminary Claim Constructions and Extrinsic Evidence.**

(a) On *July 14, 2015*, the parties shall simultaneously exchange a preliminary proposed

construction of each claim term, phrase, or clause which the parties collectively have identified

for claim construction purposes.

Each such "Preliminary Claim Construction" shall also, for each element which any party

contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or

material(s) corresponding to that element.

(b) At the same time the parties exchange their respective "Preliminary Claim

Constructions," they shall each also provide a preliminary identification of extrinsic

evidence, including without limitation, dictionary definitions, citations to learned treatises

and prior art, and testimony of percipient and expert witnesses they contend support their

respective claim constructions. The parties shall identify each such item of extrinsic evidence by

production number or produce a copy of any such item not previously produced. With respect to

any such witness, percipient or expert, the parties shall also provide a brief description of the

substance of that witness' proposed testimony.

**3.**      **Completion of Claim Construction Discovery.**

On *August 4, 2015*, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement.

**4.**      **Claim Construction Briefs.**

(a) On *August 11, 2015*, each party shall serve and file an opening claim construction brief and any evidence supporting its claim construction.

(b) On *August 25, 2015*, each party shall serve and file its responding claim construction brief and supporting evidence.

**5.**      **Joint Claim Construction Statement.**

On *September 1, 2015*, the parties shall complete and file a Joint Claim Construction Statement, which shall contain the following information:

(a) The construction of those claim terms, phrases, or clauses on which the parties agree;

(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) The anticipated length of time necessary for the Claim Construction Hearing; and

 (d) Whether any party proposes to call one or more witnesses, including experts, at the

Claim Construction Hearing, the identity of each such witness, and for each expert, a summary

of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

PURSUANT TO LOCAL RULE 7.4,
CONSENTED TO BY:


_____
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
(501) 371-0808
Fax: (501) 376-9442
E-mail: kwilson@wlj.com
bglasgow@wlj.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Clifford W. Plunkett
plunkett@fridayfirm.com

Martin A. Kasten
mkasten@fridayfirm.com

Eric Dittmann
ericdittmann@paulhastings.com

Yousef M. Mian
yousefmian@paulhastings.com

Joseph M. O'Malley
josephomalley@paulhastings.com

Jane M. Love
jane.love@wilmerhale.com

Kevin S. Prussia
kevin.prussia@wilmerhale.com

Robert Trenchard
robert.trenchard@wilmerhale.com

/s/ Richard Blakely Glasgow